IN UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

    Plaintiff,

v().

BRYAN C. KRAMER,

    Defendant.

Case No. 4:12-cr-40001

<u>MEMORANDUM & ORDER</u>

This matter comes before the Court on the defendant's Motion to Require the Government to Make a Santiago Proffer (Doc. 32). The defendant seeks to require the Government to make a "*Santiago* proffer" to disclose any potential hearsay testimony that may be used within twenty-eight days of trial.

In *United States v. Santiago,* 582 F.2d 1128 (7th Cir.1978), *overruled on other grounds by Bourjaily v. United States,* 483 U.S. 171 (1987), the Seventh Circuit articulated the appropriate standard for determining the admissibility of hearsay evidence under the co-conspirator exception. The Seventh Circuit held that "if it is more likely than not that the declarant and the defendant were members of a conspiracy when the hearsay statement was made, and that the statement was in furtherance of the conspiracy, the hearsay is admissible" under Federal Rule of Evidence 801(d)(2)(E). *Id.* at 1134. The Seventh Circuit has since created several different mechanisms through which this Court can determine the admissibility of *Santiago* evidence: (1) make a preliminary determination based on the government's proffer of evidence, (2) rule on each statement as elicited at trial based on the evidence presented at that point, (3) conditionally admit the evidence without a proffer subject to eventual supporting evidence to be presented sometime at trial (risking, of course, a possible mistrial), or (4) hold a "full-blown" pre-trial hearing to consider all the evidence and make a decision. *See, e.g., United States v. McClellan,* 165 F.3d

1

535, 553-54 (7th Cir.1999). The Seventh Circuit has discouraged the use of a full pre-trial hearing. *United States v. Hunt,* 272 F.3d 488, 494-95 (7th Cir. 2001).

Moreover, the Seventh Circuit found that it is within the trial court's discretion to devise what procedure to utilize regarding the *Santiago* proffers. *See United States v. Rodriguez*, 975 F.2d 404, 409-10 (7th Cir. 1992). The *Rodriguez* Court concluded:

> All these considerations lead us to conclude that district court findings under Fed.R.Evid. 801(d)(2)(E) based on pre-trial *Santiago* proffers should be reviewed under a clearly erroneous standard. The trial court is in the best position to sort through the Government's proffered evidence and make the necessary inferences to determine whether the 801(d)(2)(E) standard has been met. The resolution of these questions necessarily turn on the specific factual circumstances of each case, and thus appellate court precedents will be of limited value in guiding future determinations. Moreover, as we made clear above, we see no reason to accord 801(d)(2)(E) determinations less deference simply because the district judge chose to make the determination based on pre-trial proffers rather than after an evidentiary hearing or during trial.

The Court has examined the indictment (Doc. 1) and docket and has found no reason to believe conspirators' statements are within the scope of this case. The defendant is not charged with conspiracy and the indictment does not mention any alleged conspirators. Therefore, in this matter, the Court will rule on each statement as it is elicited based on the evidence that the Government has adduced. *United States v. McClellan*, 165 F.3d 535, 553 (7th Cir. 1999). If the foundational facts have not yet been established the Court can conditionally admit the evidence subject to the Government establishing the foundation in later evidence. *Rodriquez*, 975 F.2d at 409-410. Thus, the Court denies Defendants' motion for an order that the Government comply by a date certain with *United States v. Santiago*. The Court may reconsider the issue should it become clear that co-conspirator testimony will play a large role in this case.

**IT IS SO ORDERED.**
**DATED:** May 3, 2012

s./ J. Phil Gilbert\_\_\_\_
**J. PHIL GILBERT**
**DISTRICT JUDGE**