IN UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

Plaintiff,

v.

BRYAN C. KRAMER,

Defendant.

Case No. 4:12-cr-40001

**MEMORANDUM & ORDER**

This matter comes before the Court on the defendant's Motion for Disclosure of Favorable Evidence (Doc. 31) and the defendant's Motion for Order Requiring Disclosure of Expert Testimony (Doc. 33). The defendant seeks an order directing the government to disclose exculpatory evidence and evidence in its possession that can be used to impeach intended government witnesses and intended government hearsay declarants. The defendant also seeks an order requiring the government to give it a written summary of the expert's testimony along with a copy of any reports the expert may use.

Under *Brady v. Maryland*, 373 U.S. 83, 87 (1963), *Giglio v. United States*, 405 U.S. 150, 155 (1972), and their progeny, the prosecution has the duty to ensure that criminal trials are fair by disclosing evidence that is favorable to the defendants or that impeaches a government witness. There is no doubt that a defendant is entitled to disclosure of all evidence that "would tend to exculpate" him, *Brady*, 373 U.S. at 88, and all evidence that casts doubt on the credibility of prosecution witnesses and is material to the outcome of the trial. *See United States v. Bagley*, 473 U.S. 667, 676 (1985); *Giglio*, 405 U.S. at 155; *see United States v. Hamilton*, 107 F.3d 499, 509 (7th Cir. 1997). The prosecutor must disclose not only evidence known to him, but he also

1

"has a duty to learn of any favorable evidence known to the others acting on the government's behalf in the case, including the police." *Kyles v. Whitley*, 514 U.S. 419, 437 (1995).

Evidence is material to the outcome of the trial if "its suppression undermines confidence in the outcome of the trial," *Bagley*, 473 U.S. at 678, because there is a "reasonable probability" that disclosure would bring about a different result at trial, *Kyles*, 514 U.S. at 434. *United States v. Kimoto*, 588 F.3d 464, 474 (7th Cir. 2009); *Hamilton*, 107 F.3d at 509. Any such material or portions of material simply must be disclosed. However, "[t]he materiality standard is not met by '[t]he mere possibility that an item of undisclosed information might have helped the defense, or might have affected the outcome of the trial. . . .'" *Hamilton*, 107 F.3d at 509 (quoting *United States v. Agurs*, 427 U.S. 97, 109-10 (1976)). *Brady*, *Giglio* and their progeny do not require disclosure of "every possible shred of evidence that could conceivably benefit the defendant." *Hamilton*, 107 F.3d at 509.

The government is aware of its continuing obligations under *Brady*, *Giglio* and their progeny. It has been repeatedly held that where the government has made assurances it will comply with *Giglio* and *Brady*, those assurances are sufficient. *See Strickler v. Greene*, 527 U.S. 263, 283 n. 23 (1999); *see, e.g.*, *United States v. Alex*, 791 F. Supp. 723, 729 (N.D. Ill. 1992) ("First, to the extent that Alex's requests for information fall within the scope of Brady, the government's promise to comply with the dictates of Brady renders Alex's motion moot."); *United States v. Dominguez*, 131 F.R.D. 556, 559 (N.D. Ill. 1990) (government's assurances of compliance with Brady and Giglio in response to discovery motions were sufficient); *United States v. Leichtfuss*, 331 F. Supp. 723, 730-31 (N.D. Ill. 1971) (government's statement that it understood its obligations and would comply with them was sufficient). *See also United States*

*v. Withers*, 303 F. Supp. 641, 645 (N.D. Ill. 1969) (government's promise to comply with Brady was sufficient to moot discovery motions).

Accordingly, the Court **DENIES as moot** the defendant's request.  However, the government is reminded that any doubt as to whether disclosure is required must be resolved in favor of disclosure. The Court **GRANTS** defendant's Motion for Order requiring Disclosure of Expert Testimony (Doc. 33) and **ORDERS** the government to make a written disclosure of any expert testimony to be used along with a copy of the experts' reports within twenty-eight days of trial.

**IT IS SO ORDERED.**
**DATED:** May 3, 2012

s./ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**